

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,562-02

### EX PARTE RICHARD DOTSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1192825-B IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of possession of less than one gram of a controlled substance and sentenced to eighteen years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Dotson v. State*, No. 14-09-00213-CR (Tex. App.—Houston [14th Dist.] Apr. 27, 2010) (not designated for publication). Applicant filed an application for a writ of habeas corpus followed by an amended writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial and appellate counsel were ineffective because they did not challenge the validity of an enhancement allegation that was used to enhance punishment in this case. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The record contains an unsworn declaration from appellate counsel. The trial court shall order trial counsel to respond to Applicant's claim. If necessary, the trial court shall order appellate counsel to provide a supplemental affidavit. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether, based on the prevailing law at the time of the trial, trial and appellate counsels' performance was deficient and Applicant was prejudiced. The trial court shall make specific findings determining whether either of the prior convictions alleged as enhancements in this case were punishable as state jail felonies, but enhanced to a higher range of punishment. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 6, 2021
Do not publish